## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ADAM BUGBEE,<br><br>    Plaintiff,<br><br>v.<br><br>MUST CURE OBESITY, CO. and DOES 1-10,<br><br>    Defendants. | Case No. 1:18-cv-04460<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, ADAM BUGBEE, by and through his attorneys, and for his class action Complaint against the Defendants, MUST CURE OBESITY, CO. and DOES 1-10, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENTS

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendant, in negligently, knowingly and/or willfully sending, through its agent(s), sales, solicitation and/or other telemarketing text messages to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, specifically the National Do-Not-Call provisions of 47 C.F.R. 64.1200(c), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. According to the Federal Communications Commission's website, accessed on June 26, 2018 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects home voice or personal wireless phone numbers. You can register your numbers on the national Do Not Call list by phone or on the Internet at no cost… Callers are prohibited from making telephone solicitations to any numbers on the Do Not Call list. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers. Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register.

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

6. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages sent to persons' cellular telephones.

7. Persons, like Plaintiff herein, have no control to stop unsolicited, unwanted text messages sent to their cellular telephones.

8. Plaintiff and the members of the proposed Class defined below received unsolicited sales text messages sent to their cellular telephones, all because Defendants wished to advertise and market their products and/or services for their own benefit.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Plaintiff resides within the Northern District of Illinois.

## PARTIES

11. Plaintiff is an individual who was at all relevant times residing in the City of Sandwich, State of Illinois.

12. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

13. On information and belief, Defendant MUST CURE OBESITY, CO. ("MCOC") is a corporation of the State of Florida, which is not authorized to do business in Illinois, and whose principal place of business is located in Montverde, Florida.

14. On information and belief, at all times relevant hereto, MCOC was engaged in the marketing and sale of gastric bypass surgery throughout the United States, including in the Northern District of Illinois, and other related services.

15. MCOC is a "person" as defined by 47 U.S.C. § 153(39).

16. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend his complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

17. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

18. On or about January 11, 2013, Plaintiff successfully registered his cellular telephone number ending in -6607 with the National Do Not Call Registry.

19. On or about February 11, 2017, Defendants began sending unsolicited text messages to Plaintiff's cellular telephone. Plaintiff received at least four more unsolicited text messages from Defendants during or about March of 2017 through April of 2017.

20. Plaintiff has not previously sought out or requested Defendants' services. Further, Plaintiff has not transacted any business with Defendants, nor provided authorization for Defendants to contact Plaintiff in any way, including via automated telephone calls or text messages.

## **CLASS ALLEGATIONS**

21. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class defined as follows (the "Class"):

> All persons or entities within the United States who received any text message or messages, sent by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint.

22. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (the "Sub-Class") defined as follows:

> All residential telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one text message sent by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of this Complaint.

23. Defendants, their employees and agents are excluded from the Class and the Sub-Class. Plaintiff does not know the number of members in the Class and the Sub-Class, but believes the Class and the Sub-Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24. The Class and the Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class and Sub-Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and the Sub-Class include hundreds, if not thousands of members. Plaintiff alleges that the Class and the Sub-Class members may be ascertained by the records maintained by Defendants.

25. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P.23(a) because the Class and the Sub-Class are so numerous that joinder of the Class and the Sub-Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

26. There are questions of law and fact common to the Class and the Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and the Sub-Class predominate over questions which may affect individual Class and Sub-Class members and include, but are not necessarily limited to, the following:

   a. Whether the Class and the Sub-Class members received text messages, sent by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint;

   b. Whether the Sub-Class members received text messages sent by or on behalf of Defendants more than 30 days after the Sub-Class members registered such numbers on the National Do-Not-Call registry; and

   c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by sending text messages to the Class and Sub-Class members without proper consent.

27. As a resident of the United States who received text messages, sent by or on behalf of Defendants, without his consent, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Class.

28. As a residential telephone subscriber who received text messages, sent by or on behalf of Defendants, without his consent, after his telephone numbers was registered on the

National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Sub-Class

29. Plaintiff has no interest adverse or antagonistic to the interests of the other members of the Class or Sub-Class.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

31. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class and Sub-Class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32. The prosecution of separate actions by individual Class and Sub-Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

33. Defendants have acted or refused to act in respect generally applicable to the Class and the Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class and the Sub-Class as a whole.

34. Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b), and 47 C.F.R. § 64.1200(c), as to the Class and the Sub-Class members with respect to the above-alleged transactions.

35. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

36. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

37. In multiple instances, Defendants sent text messages to the Class and the Sub-Class members without the prior express consent of the recipients, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

38. In multiple instances, Defendants sent text messages to the and the Sub-Class members after the members registered with the federal government's Do Not Call list, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

39. The size and definition of the Class and the Sub-Class can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

40. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 39 above as if reiterated herein.

41. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

42. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 43 above as if reiterated herein.

45. The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

46. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as Class and Sub-Class Counsel;

c. An order requiring Defendants, at their own cost, to notify all Class and Sub-Class Members of the unlawful conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in an amount of up to $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of his claims in this action.

        RESPECTFULLY SUBMITTED,

        ADAM BUGBEE

By:    /s/ David B. Levin
        Attorney for Plaintiff
        Illinois Attorney No. 6212141
        Law Offices of Todd M. Friedman, P.C.
        333 Skokie Blvd., Suite 103
        Northbrook, IL 60062
        Phone: (224) 218-0882
        Fax: (866) 633-0228
        dlevin@toddflaw.com